UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TALIA S. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-CV-00040-SPM |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Commissioner Martin J. O'Malley's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 18). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). (Doc. 7).

On July 21, 2023, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). The Commissioner filed the transcript of the administrative proceedings on September

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley should be substituted, therefore, for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

11, 2023. (Doc. 10). Plaintiff filed a brief in support of the complaint on October 4, 2023. (Doc. 13).

On December 13, 2023, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in his motion that upon review of the record, agency counsel determined that remand was necessary for further evaluation of Plaintiff's claim. The Commissioner states that "[o]n remand, the case will be remanded to an administrative law judge who will offer the claimant an opportunity for a de novo hearing and issue a new decision." Def.'s Mot. to Reverse and Remand, Doc. 18, at 1.

On December 15, 2023, Plaintiff filed a response to the motion, arguing that instead of reversing and remanding the case for another hearing before an ALJ, the Court should reverse and remand and direct the Commissioner to award benefits. Plaintiff argues that this case has been pending for over eight years, that this would be a fourth hearing for Plaintiff, that the record overwhelmingly supports a finding of disability, and that there is no reason to further prolong this case.[2] In the alternative, Plaintiff argues that if the Court does remand the case for a hearing, the hearing should be in front of a new ALJ, that the new ALJ should be directed to apply the rules that were applicable at the time this case started, and that new ALJ's duty should be limited to assessing particular issues. Plaintiff does not provide the Court with any legal authority to support these requests. On December 21, 2023, Defendant filed a reply, arguing that delay alone is not

---

[2] The Court notes that Plaintiff's disability claim has already been remanded to the Commissioner by other judges on this Court on two occasions, once in 2019 after full briefing on the issues (Tr. 705-56) and once in 2021 upon the Commissioner's motion. (Tr. 1354).

grounds for payment of benefits, that an ALJ's mistakes do not warrant payment of benefits, and that additional administrative action is needed to ensure a result that is supported by substantial evidence.

Upon review of Plaintiff's brief in support of the complaint, the ALJ's decision, and the parties' briefing on the instant motion, the Court agrees with Defendant that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for additional administrative proceedings. The Court is troubled by the extraordinary level of delay in this case. However, for the reasons stated in Defendant's reply brief, the Court declines to direct an immediate award of benefits at this time. The Court also declines to direct the Defendant to assign a new ALJ or to limit that ALJ's consideration of the issues in this case, in light of Plaintiff's failure to provide a source of authority for the Court to take those actions. The Court urges Defendant to make every effort to avoid further error and delay in resolving Plaintiff's claim.

Accordingly,

**IT IS HEREBY ORDERED** the Commissioner's Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (Doc. 18) is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2024.